IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRITNEY M.,**[1]

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

Defendant.

Civ. No. 6:25-cv-0550-CL

**OPINION AND ORDER**

---

MARK D. CLARKE, Magistrate Judge:

Plaintiff Britney M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for benefits under the Social Security Act. Consent to magistrate judge jurisdiction was entered on October 30, 2024 (ECF #4). For the reasons below, the Commissioner's decision is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), 1383(c)(3).

**DISCUSSION**

Plaintiff claims the ALJ erred in the following ways:

1. The ALJ failed to provide clear, convincing, and well-supported reasons for discounting Plaintiff's subjective symptom testimony regarding her asthma and her musculoskeletal impairments.
2. The ALJ failed to properly account for Plaintiff's morbid obesity in formulating Plaintiff's residual functional capacity.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

3. The ALJ failed to properly assess the prior administrative medical findings of Benjamin G. Kessler, Psy.D.
4. Substantial evidence did not support the ALJ's step five finding that Plaintiff could perform work existing in significant numbers in the national economy.

As a result of these errors, Plaintiff moves the Court for remand of the case for further administrative proceedings and a new decision. For the reasons below, this motion is GRANTED.

**I. The ALJ improperly discounted Plaintiff's subjective symptom testimony.**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of ... symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion that the claimant is not credible is insufficient; instead, the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The medical record contains diagnostic and treatment evidence corroborating Plaintiff's symptom testimony regarding her asthma. Plaintiff has been diagnosed with asthma and experienced symptoms including shortness of breath and wheezing, despite medication, since at least August 2021. Tr. 1967, 1976-1977. Plaintiff presented to the emergency room or was hospitalized with shortness of breath and asthma-related symptoms in March 2022 (Tr. 554-559), April 2022 (Tr. 527, 530), June 2022 (Tr. 1264-1313), September 2022 (Tr. 1566-1570), and September 2023, despite the fact that she was actively being treated for her asthma and was taking several medications to attempt to treat her condition.

At her 2024 hearing, Plaintiff testified that she continued to have asthma symptoms despite adhering to medication. Tr. 58, 63. She testified that on average she used her nebulizer

treatment 3 to 4 times a day and that each session took between 20 to 60 minutes, depending on whether she needed to do a single or double dose. Tr. 63. When her asthma symptoms were worse, she reported using her nebulizer treatment 5 to 6 times per day. Tr. 63. She also used her inhaler repeatedly throughout the day. Tr. 63.

The ALJ did not provide specific, clear and convincing reasons for discounting Plaintiff's subjective symptom asthma-related testimony. Even in the Government's response brief, the only parts of the ALJ's decision that the Commissioner could cite to were completely unrelated to her asthma symptoms. For example, the ALJ found a contradiction in Plaintiff's testimony that she used a cane all the time, when she could actually ambulate independently in her home with no device, and her gait was observed to be within normal limits. A contradiction also existed in her testimony regarding whether she was fearful to interact with people or had no problem getting along with others. Finally, the Commissioner notes the Plaintiff's acknowledgment that she could stand prepare herself a sandwich or a snack, even though elsewhere she stated that she could not stand to cook meals and instead she had to microwave food or eat something "easy to grab." Tr. 51. None of these supposed contradictions are specific to her allegations of asthma symptoms, which are well documented in the medical record, nor are they "clear and convincing." This case will be remanded for another ALJ hearing, and the ALJ shall reconsider the Plaintiff's testimony regarding her asthma.

Having determined that Plaintiff is entitled to remand for further proceedings based on the ALJ's error above, and in the interests of judicial efficiency, the Court declines to conduct a full analysis of all of the assigned errors alleged by Plaintiff. The Court has considered the briefing of the parties and the record as a whole and orders the instructions below to the ALJ on remand.

## ORDER

For the reasons discussed above, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall:

1. Consider Plaintiff's subjective symptom testimony regarding her asthma and obesity, and whether such symptoms will cause Plaintiff to require additional breaks or result in her being repeated off-task, and whether she will miss work more than one and a half days per month.

2. Consider Plaintiff's subjective symptom testimony regarding her musculoskeletal impairments and limitations.

3. Consider the social limitations opined by Benjamin Kessler, Ph.D., which limited Plaintiff to "brief, superficial interactions with co-workers and supervisors."

It is so ORDERED and DATED this 17 day of September, 2026.

MARK D. CLARKE
United States Magistrate Judge